

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed August 22, 2023**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-32010 |
| GAGE'S GRANITE LLC, | § | |
| | § | Chapter 11 (Subchapter V) |
| Debtor. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1191 CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION AS MODIFIED

WHEREAS, on May 30, 2023, Gage's Granite, LLC, the debtor and debtor-in-possession in the above-reference case (the "Debtor"), filed its *First Amended Chapter 11 Plan of Reorganization as Modified* [Docket No. 111] (the "Plan")[1]; and

WHEREAS, on July 13, 2023, this Court entered its *Order Setting Hearing on Plan Confirmation and Setting Deadlines for Submitting Ballots and Filing Objections* [Docket No.

---

[1] All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1191 CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION AS AMENDED - Page 1**

113] (the "Confirmation Scheduling Order"), setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan; and

WHEREAS, on May 31, 2023, in accordance with the Confirmation Scheduling Order, the Debtor caused the Plan, Confirmation Scheduling Order, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes of the Debtor; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a) and in accordance with the Confirmation Scheduling Order, the Court held a hearing on August 15, 2023, to consider confirmation of the Plan (the "Confirmation Hearing"); and

WHEREAS, no written objections to the Plan were filed and served prior to August 14, 2023, as directed by the Confirmation Scheduling Order; and

WHEREAS, the Court has received and considered certain evidence in support of confirmation (including but not limited to, proffers, testimony, declarations, ballot summaries, financial projections, liquidation analyses, and argument by counsel);

NOW, THEREFORE, based upon the Court's review and consideration of (i) the Plan; (ii) the submissions previously filed with the Court; (iii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, any declarations, pleadings, briefs, memoranda, stipulations, and other submissions filed in connection therewith, and the arguments of counsel made at the Confirmation Hearing); and (iv) the record in this subchapter V case; and after due deliberation thereon, and good cause appearing therefore,

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**THE COURT FINDS AND CONCLUDES THAT:**[2]

**Jurisdiction and Notice**

    A.    <u>Findings and Conclusions</u>.    The findings and conclusions set forth herein and in the record of the Confirmation Hearing, including but not limited to the findings of the Court made on the record at the hearing on August 15, 2023, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusion of law constitute findings of fact, they are adopted as such.

    B.    <u>Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>.    The Court has jurisdiction over this subchapter V case pursuant to 28 U.S.C § 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2)(L), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtor is an eligible debtor under section 109(d) of the Bankruptcy Code. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor is a proper Plan Proponent pursuant to the Bankruptcy Code.

    C.    <u>Chapter 11 Petition</u>.    On October 27, 2022 (the "<u>Petitions Date</u>"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code, electing to proceed under subchapter V (the "<u>Subchapter V Case</u>"). The Debtor is authorized to continue to operate its business and manage its property as a debtor-in-possession pursuant to Section 1107(a)

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1191 CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION AS AMENDED - Page 3**

and 1108 of the Bankruptcy Code. A subchapter V trustee, Katharine B. Clark (the "Subchapter V Trustee"), has been appointed in this Subchapter V Case pursuant to section 1183 of the Bankruptcy Code. No statutory committee of unsecured creditors has been appointed in this Subchapter V Case.

    D.    Judicial Notice. The Court takes judicial notice of the dockets of this administered case and the docket of the Subchapter V Case maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of this Subchapter V Case.

    E.    Burden of Proof. The Debtor, as a Plan Proponent, has the burden of proving eligibility for confirmation of the Plan under section 1191 of the Bankruptcy Code—and thereby the burden of proving by a preponderance of the evidence certain elements of Bankruptcy Code section 1129(a). The Debtor has met such burden.

    F.    Transmittal and Mailing of Materials: Notice. Due, adequate, and sufficient notice of the Plan and the Confirmation Scheduling Order, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Confirmation Scheduling Order and further orders of the Court.

    G.    Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a). The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

    H.    Solicitation and Transmittal of Solicitation Package. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment were solicited in good faith and in compliance with Bankruptcy Code section 1126, Bankruptcy Rule 3018, all other applicable

provisions of the Bankruptcy Code, and all other rules, laws, and regulations. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018. All procedures used to distribute the Solicitation Package to the applicable holders of Claims were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

   I. <u>Notice of the Confirmation Hearings—Fed. R. Bankr. P. 2002</u>. The Debtor gave notice of the Confirmation Hearing, the deadline to accept or reject the Plan, and the deadline to object to the Plan in accordance with the Confirmation Scheduling Order. The Solicitation Package prescribed by the Confirmation Scheduling Order was transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002.

   J. <u>Notice of the August 15, 2023, Hearing</u>. The Debtor gave proper notice of the confirmation hearing held on August 15, 2023.

   K. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, at least one of more impaired Classes have voted to accept the Plan, as defined by sections 1124 and 1126 of the Bankruptcy Code.

   L. <u>Bankruptcy Rule 3016(a)</u>. The Plan reflects the date it was proposed and identifies the entity submitting it as Plan Proponent, thereby satisfying Bankruptcy Rule 3016(a).

   M. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1189</u>. The Plan complies 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under chapter 11. with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

N.    Contents of Subchapter V Plan – 11 U.S.C. § 1190. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

O.    Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1). The Plan adequately and properly identifies and classifies all Claims. Pursuant to 11 U.S.C. § 1122(a), the Claims placed in each Class are substantially similar to other Claims in each such Class. Pursuant to 1123(a)(1), valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

P.    Specified Treatment of Impaired and Unimpaired Classes—11 U.S.C. §§ 1123(a)(2) and (3). Article VI and Section 7.5 of the Plan specifies the treatment of the Impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

Q.    No Discrimination—11 U.S.C. § 1123(a)(4). The Plan either provides the same treatment for each Claim within each respective Class or the Holder of a particular Claim or interest has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

R.    Implementation of the Plan—11 U.S.C. § 1123(a)(5). Article VII of the Plan provides adequate and proper means for implementing the Plan. Other articles of the Plan provide means for implementation of the Plan as well. For example, Articles VIII provides for the

treatment of executory contracts and unexpired leases; Article IX describes the process for resolving and treating disputed claims; and Article XII provides for the continuing jurisdiction over matters arising out of or related to this Subchapter V Case and the Plan.

S.    <u>Interests of the Creditors, Equity Interest Holders, & Public Policy—11 U.S.C. § 1123(a)(7)</u>.  The Plan contains only provisions that are consistent with the interests of Creditors and Equity Interest Holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee. The Debtor properly and adequately disclose the Reorganized Debtor's post-confirmation management in Section 3.3 of the Plan by stating that Reorganized Debtor shall continue to be owned by its respective Holders of Equity Interests and will continue to be managed by Christopher Raines.  Consequently, Bankruptcy Code section 1123(a)(7) is met.

T.    <u>Permissible Plan Provisions—11 U.S.C. § 1123(b)</u>.  The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

U.    <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>.  In accordance with Bankruptcy Code Section 1123(b)(1), Article VI of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims under the Plan.

V.    <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtor to assume all executory contracts and unexpired leases identified on the Schedule of Assumed Executory Contracts upon payment of the appropriate cure amount identified on such Schedule.

W.    <u>Settlement of Claims—11 U.S.C. § 1123(b)(3)</u>.  Sections 7.5, 7.6 and 7.7 of the Plan provides for various treatment of classes of claims, including the settlement of, or adjustments

to, certain claims or interests belonging to the Debtor or to the Estate as allowed by Bankruptcy Code section 1123(b)(3).

X.    **Modify the Rights of Secured Creditors—11 U.S.C. § 1123(b)(5)**.  Article VI of the Plan modifies the rights of certain Secured Creditors who are Holders of Secured Claims and thus conforms to Bankruptcy Code section 1123(b)(5).

Y.    **Additional Plan Provisions—11 U.S.C. § 1123(b)(6)**.   Each of the provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

Z.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual subchapter V plan under 11 U.S.C. § 1191(a).  With respect to the relevant provisions of 1129(a), the Court finds and concludes as follows:

    a.    **11 U.S.C. § 1129(a)(1) and (a)(2).**  The Plan and the Plan Proponents comply with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code sections 1129(a)(1) and (a)(2).

    b.    **11 U.S.C. § 1129(a)(3)**.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3).  This Court has examined the totality of the circumstances surrounding the formulation of the Plan.  Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

    c.    **11 U.S.C. § 1129(a)(4)**.  Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this Subchapter V Case have, or in connection with the Plan and incident to the Subchapter V Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

d. 11 U.S.C. § 1129(a)(5). The Debtor has complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtor.

e. 11 U.S.C. § 1129(a)(6). No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in this Subchapter V Case.

f. 11 U.S.C. § 1129(a)(7). The Plan satisfies Bankruptcy Code section 1129(a)(7). The Plan and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

g. 11 U.S.C. § 1129(a)(8). With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan. The Plan does not does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

h. 11 U.S.C. § 1129(a)(9). The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

i. 11 U.S.C. § 1129(a)(10). At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

j. 11 U.S.C. § 1129(a)(11). The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization. The Court analyzed the factors traditionally used by bankruptcy courts in this Circuit—(i) the debtor's capital

structure, (ii) the earning power of the business, (iii) economic conditions, (iv) the ability of debtor's management, (v) the probability of continuation of management, and (vi) any other related matters—and found that the factors support a finding that the Debtor's plan is feasible.

k.   11 U.S.C. § 1129(a)(12).  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

l.   11 U.S.C. § 1129(a)(13).  The Debtor does not have any retiree benefits to be continued under the Plan.  Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtor.

m.   11 U.S.C. §§ 1129(a)(14) & (15).   The Debtor does not have any domestic support obligations and are not individuals, thus Bankruptcy Code sections 1129(a)(14) and (15) are not applicable.

n.   11 U.S.C. § 1129(a)(16).  The Plan does not provide for the sale of any of the Debtor's property. Thus, Bankruptcy Code section 1129(a)(16) is inapplicable.

AA.   Satisfaction of Confirmation Requirements.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1191.

## DECREES

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.   Confirmation of the Plan.  The Plan, which includes any and all modifications or supplementations set forth herein, is **APPROVED** and **CONFIRMED** under Bankruptcy Code section 1191 in its entirety.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.   Binding Effect of Plan.  Pursuant to 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, equity security holders, and any creditor, whether or not the claim or interest of such creditor or equity

security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

3. <u>Re-vesting of Property</u>. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in 11 U.S.C. §§ 11141(d)(2) and (3) and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interest of creditors.

4. <u>Post-Confirmation Operation</u>. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. <u>Injunction Against Interference with the Plan</u>. Pursuant to Section 11.4 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

6. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided by the Plan.

7. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article VIII of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be assumed as of the Confirmation Date, unless the Debtor expressly rejects such contract or lease on or before the thirtieth (30th) day after the Confirmation Date, or such executory contract or unexpired lease was previously rejected, or is subject to a pending motion to assume or reject as of the Confirmation Date.

8. <u>Rejection Damage Claims</u>. Pursuant to Section 8.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that they actually receive the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

9. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

10. <u>Ad Valorem Taxes</u>. All ad valorem taxes that were owed prior to the Petition Date will be treated under section 5.3 of the Plan as an allowed priority tax claim. All ad valorem taxes, however, that arose after the Petition Date shall be treated as a secured claim up to the allowed amount of such claim. Such claims shall receive interest on its claims from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month pursuant to

sections 506(b) and 511, and shall be paid in full on or before the Effective Date of the Plan. Ad valorem taxes for the 2023 tax year will be paid in the ordinary course of business.

11. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

12. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved, the Subchapter V Trustee, and the United States Trustee.

13. <u>Modification of Allowed American National Secured Claim</u>. Section 6.2 of the Plan shall be modified as follows:

> As of the date of this Plan, the Debtor believes the amount due to American National plus interest is $768,345.38. The Debtor concedes that American National is fully secured based on its security interest and lien on the Debtor's collateral. Based on an interest rate of Prime plus 2% (10.5%), the Debtor shall make 60 consecutive monthly payments commencing thirty (30) days after the Effective Date of $16,514.74. The total amount to be paid to American National according to a sixty (60) monthly amortization schedule is $990,884.34.
>
> All loan documents attached to the ANB Proof of Claim, including all loan documents executed in connection therewith, whether referenced in the ANB Proof of Claim or not, are collectively referred to herein as the "ANB Loan Documents." ANB shall be fully secured on all collateral described in the ANB Loan Documents ("ANB Collateral") in the amount of $768,345.38 which includes ANB's Proof of Claim plus all post-petition interest and reasonable and necessary legal fees/costs in connection therewith all of which shall be deemed allowed by confirmation order of this Plan without necessity of ANB to obtain separate Court approval ("Allowed ANB Secured Claim"). The ANB Loan Documents shall remain in full force and effect except as expressly modified under this Plan. Notwithstanding anything in this Plan to the contrary, all rights and remedies of ANB under the ANB Loan

Documents shall control in the event of a default by Debtor in connection with failure to make a payment to ANB under this Plan or failure of Debtor to comply with any other provision of the ANB Loan Documents, including, but not limited to, rights of acceleration (without notice to cure of any kind which has been waived), all rights of foreclosure of the ANB Collateral, and all reasonable and necessary legal fees/costs incurred by ANB in connection with enforcing its rights and remedies under this Plan and/or the ANB Loan Documents. Notwithstanding anything in this Plan to the contrary, nothing under this Plan shall release or otherwise affect the liability under the ANB Loan Documents of any non-Debtor guarantor.

14. <u>Treatment of Claims of Comptroller of Public Accounts and Texas Workforce Commission</u>. Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "<u>Comptroller</u>") and the Texas Workforce Commission (the "<u>TWC</u>"): (1) nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the Comptroller or the TWC in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Comptroller or the TWC to pursue any non-debtor third parties for tax debts or claims, and the Comptroller and TWC specifically opt out of any third party releases, if any; (3) nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the Comptroller's or the TWC's administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller or the TWC, the interest rate shall be the statutory interest rate, currently 8.5% per annum; and (5) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and Comptroller and TWC may amend their claims at any point.

The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any administrative claims. The Comptroller and TWC shall not

be required to file any proof of claim, motion, or request for payment to be paid for any obligations that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor after the Petition Date. All post-petition taxes owed to the Comptroller and TWC shall be paid in full with applicable interest on or before the Effective Date, or as otherwise agreed by the Comptroller and/or TWC, whichever is the respective agency for such post-petition taxes. If any post-petition taxes or Administrative Claims owed to the Comptroller or TWC are not due on the Effective Date, then such post-petition taxes or Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.

All priority tax claims owed to the Texas Comptroller and/or the TWC shall be paid in full either (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Debtor's bankruptcy petition date, with the first payment due on the Effective Date; or (3) as otherwise agreed to by the Comptroller and/or the TWC. The Comptroller's and the TWC's priority tax claims shall accrue interest at the statutory rate of interest, currently 8.5% per annum until paid in full.

A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within five (5) days after service of a written notice of default by email to counsel for Debtor at btittle@gpm-law.com, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. The Texas Comptroller and TWC preserve all available bankruptcy and state law remedies, if any, in the event of default of payment on claims as laid out herein above.

Debtor shall file all delinquent sales tax, franchise tax, or unemployment tax returns on or before Effective date, and stay current on filings thereafter. Notwithstanding anything to the contrary in the Plan or this Order, the Debtor will retain documents for the four-year inspection period set forth in Texas Tax Code § 111.0041(a) (or for any pending audits, the later of four years or the time any and all claim(s) based on such audit are resolved).

15. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

16. <u>Retention of Jurisdiction</u>. Except as otherwise specified in the Plan, pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XII of the Plan.

17. <u>Discharge of the Subchapter V Trustee</u>. The Subchapter V Trustee shall be discharged on the Effective Date.

18. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all creditors, the Subchapter V Trustee, the United States Trustee, the Internal Revenue Service,

and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

19. <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; (b) the Subchapter V Trustee; and (c) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

20. <u>Reference to Plan Provisions</u>.  The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

21. <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

22. <u>Enforceability</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

23. <u>Final Order</u>.  This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

24. <u>Administrative and Professional Fee Claims</u>. Except for Professional Claims, the deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to sections 327, 328, 330, 331, or 1103 (the "<u>Professional Fee Claims</u>") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

<u>/s/ Brandon J. Tittle</u>
Brandon J. Tittle
Texas Bar No. 24090436
Matthew E. Furse
Texas Bar No. 24105032
**GLAST, PHILLIPS & MURRAY**
14801 Quorum Dr., Ste. 500
Dallas, Texas 75254
Telephone: 972.419.8300
Facsimile: 972-419.8329
Email: bittle@gpm-law.com
Email: mfurse@gpm-law.com

**ATTORNEY FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION**